UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JAMES MACKIE and CHRISTINE
MACKIE,

      Plaintiffs,

v.

ARBOR MORTGAGE CORPORATION,
et al.

      Defendants.
_____/

Case No. 1:08-CV-940

HON. GORDON J. QUIST

## OPINION

Plaintiffs, James Mackie and Christine Mackie (the "Mackies"), through counsel, filed their Complaint in this case on October 6, 2008, against Defendants Arbor Mortgage Corporation ("Arbor Mortgage"), Option One Mortgage Corporation ("Option One"), Mortgage Electronic Registration System, Inc. ("MERS"), Woodland Realty ("Woodland"), Accurate Appraisal ("Accurate"), Stephanie Shoemaker ("Shoemaker"), Lorraine Griffin ("Griffin"), Daniel Faulkner ("Faulkner"), and Dr. James Gentile and Glenda Gentile (the "Gentiles") alleging a federal claim under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and state law claims for violation of the Michigan Mortgage Brokers, Lenders, and Servicers Act, M.C.L. § 1651, *et seq.*; breach of fiduciary duty; breach of contract; doctrine of vicarious liability; conspiracy to commit fraud; and wrongful foreclosure.

MERS has moved for summary judgment on Count 7 of the Complaint for wrongful foreclosure and Arbor Mortgage and Shoemaker have filed a separate Motion for Summary

Judgment on the RESPA claim in Count 1. The Mackies failed to respond to the motions within the time required by Local Rule 7.2(c). The Court finds that oral argument is not necessary.

For the reasons set forth below, the Court will grant Arbor Mortgage's and Shoemaker's motion to dismiss Count 1, dismiss the state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3), and dismiss MERS' motion as moot..

### BACKGROUND

The following facts are taken from the allegations in the Complaint as well as the exhibits attached to Arbor Mortgage's and Shoemaker's Motion for Summary Judgment.

In the summer of 2006, the Mackies moved into a rental home after losing their prior home in a foreclosure proceeding. Shortly thereafter, the owners, the Gentiles, expressed an interest in selling the rental home. The Mackies were interested in purchasing the home and began contacting mortgage brokers. After some investigation, the Mackies concluded that the foreclosure and a prior Chapter 7 bankruptcy would preclude them from obtaining mortgage financing. Subsequently, the Mackies saw an Arbor Mortgage advertisement and contacted Arbor Mortgage to set up a meeting with Shoemaker, an Arbor Mortgage representative.

Shoemaker told the Mackies that based upon the information they had provided, they would be eligible for a loan at the rate of between 9 and 10%. The Mackies allege that Shoemaker told them that if they could make the high payments for one year, they would be able to refinance the mortgage with very little paperwork or expense and would qualify for Arbor Mortgage's best rate, saving them substantial money after one year. The Mackies also allege that Shoemaker told them that Arbor Mortgage had an appraiser who could give them any number or value they needed to close the deal.

Prior to the closing, Shoemaker told the Mackies that in order to get the loan, they would have to ask the Gentiles to pay some closing costs. Shoemaker spoke to the Gentiles and then contacted the Mackies, telling them that the Gentiles had agreed to pay $9000 towards closing costs and the new selling price would be $335,000. The closing was held in September 2006, and Arbor Mortgage sold the mortgage note to Option One on or about October 10, 2006.

The Mackies made on-time payments for one year and contacted Shoemaker to refinance. Shoemaker told the Mackies that Arbor Mortgage no longer owned the loan. She said that she would see what could be done but doubted she could do anything because home values had dropped. Shoemaker never followed up with the Mackies. The Mackies contacted Option One to discuss refinancing, but Option One refused to refinance the loan. The Mackies allege that they are again facing the prospect of losing their home to foreclosure.

## MOTION STANDARD

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Financial Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986)).

## DISCUSSION

### 1. The RESPA Claim Is Time Barred

Count I, the only federal law claim, alleges that Arbor Mortgage, Shoemaker, and Option One violated RESPA. An action based upon a violation of section 8 or 9 of RESPA, 12 U.S.C. §§ 2607 and 2608, must be brought "within . . . 1 year . . . from the date of the occurrence of the violation." 12 U.S.C. § 2614; *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 421 (6th Cir. 2009). The Mackies' RESPA claim appears to be based upon the September 2006 mortgage loan. Because the Mackies filed their complaint more than one year later, on October 6, 2008, their RESPA claim is time-barred.

### 2. The State Law Claims Will Be Dismissed Without Prejudice

Having concluded that the Mackies' sole federal law claim should be dismissed, the Court must decide whether to exercise supplemental jurisdiction over their state law claims. "A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996) (citing *Transcon. Leasing, Inc. v. Mich. Nat'l Bank of Detroit*, 738 F.2d 163, 166 (6th Cir. 1984)). In deciding whether to exercise its supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993) (affirming district court's order granting summary judgment on federal claim and dismissing state law claims without prejudice). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson*, 89 F.3d at 1254-55 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 619 n.7 (1988)).

Given the early stage of this litigation, as well as Michigan's interest in interpreting and applying its own laws regulating mortgage brokers and lenders, the Court concludes that this is an appropriate case to decline to exercise its supplemental jurisdiction.

## Conclusion

For the foregoing reasons, the Court will grant Arbor Mortgage's and Shoemaker's Motion for Summary Judgment on the RESPA claim and dismiss the remaining state law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Finally, the Court will dismiss MERS' Motion for Summary Judgment as moot.

An Order consistent with this Opinion will be entered.


Dated: August 28, 2009           /s/ Gordon J. Quist
                      GORDON J. QUIST
                  UNITED STATES DISTRICT JUDGE